## THOMAS J. FUTCH v. W. L. JEFFRIES ET AL.

1. CHANCERY PRACTICE. *Final hearing. Striking out papers.*

   After a case has been set down for final hearing the Chancery Court may strike from the files papers not proper to be considered at the hearing, without remanding to rules.

2. SAME. *Amendment. Diligence. Newly discovered defence.*

   Showing that the defendant has been misled by the bill as to his title is not alone sufficient to authorize the filing of an amended answer and cross-bill, introducing a new defence after the case is set down for final hearing.

3. MARRIED WOMEN. *Separate estate under the statute.*

   A devise to the testator's wife during her lifetime with the privilege to sell for her maintenance, and what remains after her death to be

equally divided among his legal heirs, creates in a feme covert heir an estate subject to the married woman's law.

4. SAME.    *Estate in expectancy.*  ·

The fact that such feme covert dies before her mother does not exclude her estate from the operation of Code 1871, § 1778, and her incumbrance of it for her husband's debt is not binding beyond the amount of her income.

5. SAME.    *Equitable estate.*

Estates of married women settled to their sole and separate use, free from their husbands' control, could be dealt with in equity as if they were unmarried prior to the Code of 1880, and were not embraced in the married woman's law.    *Frierson* v. *Williams,* 57 Miss. 451, cited.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

The appellees are the two daughters of Nancy and John A. Glover. As her sole heirs, they, with their husbands, filed this bill against the appellant, to cancel, as to their mother's interest, a deed of trust executed by her and their father to secure their joint note to the appellant, and a deed which the latter received when he purchased at the trustee's sale. The bill, filed Feb. 1, 1881, alleged that Henry M. White died in 1865, the owner of a plantation in Hinds County, Mississippi, and left a widow, Phœbe White, and five children, including Nancy White who married John A. Glover; that by his will Henry M. White devised the land to his wife Phœbe for and during her lifetime, with the privilege to sell for her support and maintenance, and after her death what remained to be equally divided among his legal heirs; that one of the heirs died, and John A. Glover bought an undivided interest of four twelfths from the others, making the combined undivided interests of Nancy and himself seven twelfths; that in order to borrow money for his individual purposes, John A. Glover induced his wife, on May 13, 1872, to join him in the note and trust deed to the appellant, incumbering their joint interest in the land; that after Phœbe White's death, in the year of the death of her husband, Nancy Glover and John A. Glover lived on the land until February, 1875, when she died; and in the next month the trustee sold the property.

The appellant's answer, filed Feb. 26, 1881, admitted all the allegations of the bill, except the statement that the debt,

which the deed of trust secured, was contracted for the use of John A. Glover.  This the answer denied, and averred the facts to be that Nancy Glover was cultivating the plantation with her husband, and that the deed of trust was given to secure advances of plantation supplies, which were actually furnished for this place and used in producing the crops which she and her husband cultivated.  In March, 1881, the deposition of John A. Glover was taken on behalf of the complainants, and he testified that he alone cultivated the plantation, and that his wife had no connection with the debt.  The appellant, in May, 1881, examined a brother-in-law of Glover, who swore that the plantation supplies were furnished by him to John A. Glover individually, and paid for with part of the money which Glover borrowed from the appellant.

On June 3, 1881, the appellant filed an amended answer and cross-bill, in which he repeated his averment as to the nature of the secured debt, and alleged that Phœbe White died in July, 1880, without having sold any of the land ; that she occupied the dwelling-house, while John A. and Nancy Glover lived on the plantation and cultivated it, until the latter's death in 1875 ; that, under the will, Nancy Glover was not entitled to the usufruct of the land until her mother's death, and that the appellant is entitled to a discovery of the nature of the title by which Nancy Glover held and enjoyed the plantation.  The prayer was that this answer might be accepted in place of the appellant's former answer, and that John A. Glover should set forth the instrument under which he and his wife held the land when they executed the deed of trust.  A written order from the Chancellor to the clerk to file the amended answer and cross-bill, was dated June 25, 1881, and filed June 27, 1881.

By order of the complainants' solicitors, the case was, on Aug. 15, 1881, set for final hearing at the August term, on bill, answer, and depositions.  Afterwards, on the same day, the complainants moved to strike from the files the amended answer and cross-bill, because of the delay in filing it over four months after the bill was filed, because notice of the new pleading was never given to the complainants, because it changed the entire defence after the case was ready for hear-

ing, because no showing was made to account for the delay, and because the new case made was immaterial. This motion was sustained. At the same term of court, but subsequently, the appellant filed an affidavit, stating that when his original answer was filed, he did not know that Nancy Glover died before Phœbe White, and assumed that the statement to the contrary in the bill was true; that his solicitor knew nothing of the fact as solicitor when he prepared the answer, and that the appellant knew not what was his information as an individual; that the appellant never heard this fact until his solicitor brought him the amended answer and cross-bill to swear to; and that his solicitor assured him that he prepared this new pleading the instant he learned the fact of Phœbe White's surviving Nancy Glover. This affidavit accompanied a motion to file the answer and cross-bill, before stricken out, as an answer simply; but this motion was overruled, and the case proceeded to final hearing on bill, answer, and depositions, and resulted in a decree declaring the deed and trust deed cancelled as to Nancy Glover's interest.

*Wells & Williamson*, for the appellant.

1. Amendments are liberally allowed in order to reach the merits of controversies. Code 1880, §§ 1881, 1884; *Hunt* v. *Walker*, 40 Miss. 590; *Haserd* v. *Gray*, 46 Miss. 75; *Smith* v. *Harrington*, 49 Miss. 771; *Kimbrough* v. *Curtis*, 50 Miss. 117; *Taylor* v. *Wright*, 54 Miss. 722. Under these authorities leave was properly given to file the amended answer and cross-bill, and the motion to strike from the files should have been overruled, unless the appellant was guilty of laches or the amendment discloses no material defence. Of its own motion, the court, at final hearing, will order such amendments as are necessary to try the case on its merits. Story Eq. Pl. § 896, note. After the case was set down for final hearing, no motion to stike out pleadings was admissible. The answer was admitted by setting the case before the expiration of five months (Code 1880, § 1893), and by striking it from the files the appellant was deprived of this admission. Certainly the application to file the answer, after it was stricken out, should have been sustained. Laches did not exist, and the fact lately discovered, that Mrs. White survived Mrs. Glover, rendered

a discovery from the heirs of the latter as to the title by which she held, when she gave the trust deed to the appellant, essential to the ends of justice.

2. When the trust deed was executed, Mrs. Glover owned an estate in the land, the corpus of which could be incumbered to secure her husband's debt. This estate was a vested remainder in fee expectant upon Mrs. White's life-estate. It has not been decided whether such an estate is within the limitation of Code 1871, § 1778, or whether the married woman has absolute power to dispose of it. Recent decisions are, that if she holds the property free from her husband's control, and would so hold without the statute, then she has unlimited dominion and power of disposition. *Bank of Louisiana* v. *Williams*, 46 Miss. 618 ; *Frierson* v. *Williams*, 57 Miss. 451. A married woman need never look to the statute for power to bind her estate, except when she must look to it for her title. At common law, White's will vested her estate in Mrs. Glover, and the only rights of her husband which the statute could affect were curtesy and the rents, issues and profits ; but neither of these existed in this estate, because the life-tenant, Mrs. White, outlived Mrs. Glover, the owner of the remainder. For manifest reasons, Glover could have no curtesy. *Malone* v. *McLaurin*, 40 Miss. 161. Mrs. Glover, therefore, held the estate separate and apart from her husband, not by virtue of the statute but in spite of it, with the power to contract with the appellant, and pass her title through the deed of trust.

3. The attempt to have the deed of trust and the trustee's deed to Futch cancelled, upon the ground that the incumbrance was not for a debt which Mrs. Glover could contract under the married woman's law, is not sustained ; but, the burden of proof as to this resting upon the complainants, the evidence preponderates in favor of the view that the supplies were furnished for Mrs. Glover's plantation and used in making crops. She was not a mere surety for her husband. The evidence fails to prove that fact. And whatever view shall be taken of the two former points, the decree must be reversed upon the facts, for they do not sustain the case made in the bill.

*W. C. Wells* and *C. M. Williamson*, on the same side, each argued orally.

*J. & J. M. Shelton*, for the appellees, filed a brief, and each member of the firm made an oral argument.

1. If it was irregular to hear the motion to strike out the paper without remanding the case to the rules, no harm resulted to the appellant, and hence there is in this no reversible error. *Leach* v. *Shelby*, 58 Miss. 681. The statute, as to admitting answers by setting down before time to prove them, applies to such allegations as are responsive to the bill. *Wofford* v. *Ashcraft*, 47 Miss. 641 ; *Parmele* v. *McGinty*, 52 Miss. 475 ; *Park* v. *Bamberger*, 52 Miss. 565 ; *Surget* v. *Boyd*, 57 Miss. 485. This case was at issue upon the single question whether the supplies were furnished for Mrs. Glover's plantation and used upon it, and the evidence was all in and proved that they were not, when the appellant attempted to substitute an answer and cross-bill in contradiction of his admissions in his former answer, and to raise the question whether Mrs. Glover's estate was an equitable or a statutory estate. No showing of diligence was made. He states that he only recently discovered that Mrs. Glover died before Mrs. White ; but this was a fact in his own title, and he filed a sworn answer stating the contrary. It was the duty of the appellant to inquire about such a fact, before the case was ready for final hearing, if not before he swore the contrary in his answer.

2. If, however, Nancy Glover died before Phœbe White, the estate of the former is still a statutory estate. *Garrett* v. *Dabney*, 27 Miss. 335 ; *Block* v. *Cross*, 36 Miss. 549 ; *Bank of Louisiana* v. *Williams*, 46 Miss. 618 ; *Musson* v. *Trigg*, 51 Miss. 172 ; *Frierson* v. *Williams*, 57 Miss. 451. It will be seen from an examination of these cases, and especially the last, which was ably argued and decided, that more than a mere devise or conveyance is necessary to create in a married woman an estate exempt from the operation of the statute and subject to the general rules of equity. Such an estate can only exist by a grant or devise to a *feme covert*, which contains words fit at once to create it and to exempt it from the operation of the laws of the State in relation to the property of

married women. No such language can be found in Henry M. White's will, but the estate vested in his daughter, Mrs. Glover, by that instrument, was purely legal. The interest of the appellant, if he ever had any, has, therefore, by Nancy Glover's death, ceased to exist by the limitation in the statute.

CAMPBELL, J., delivered the opinion of the court.

The fact that the case had been set down for hearing did not preclude the court from striking out papers not proper to be considered in the hearing of the case. There was no necessity for remanding to the rules before exerting this power. It was right to strike out the amended answer and cross-bill and refuse permission to file it, for the double reason that no sufficient showing was made to authorize it, and it contained nothing to vary the rights of the parties as presented by the pleadings sought to be amended. That Mrs. Glover's estate in the land incumbered for the separate debt of her husband was in expectancy, and not in possession, did not exclude it from the restriction of § 1778 of the Code of 1871, and the incumbrance she put on it was not binding beyond the amount of her income, as provided by that section.

The estates of married women with respect to which they could act as if unmarried, prior to the Code of 1880, were those settled upon them in terms which excluded the marital rights of the husband and vested estates to the sole and separate use of the wife, free from the control of the husband. It was held that the statutes regulating the rights of married women as to their separate property did not apply to property to which, without such statutes, they were entitled, and with which they were empowered to deal as if not married. The statutes embraced all estates dependent on them for a determination of the right of the wife with respect to them, and did not apply to such as she would have the right to control, if the statute did not exist. Such estates were called "equitable," not as regards title, but as descriptive of the kind of estate with which courts of chancery empowered a married woman to deal, independently of her husband. *Frierson* v. *Williams*, 57 Miss. 451, and cases cited. The estate of Mrs. Glover was not vested in her to her sole and separate use, and

was not such as, before the statutes referred to, she would have been entitled to deal with according to the rules of equity, and therefore it was subject to the operation of the statute cited.

Upon the facts of the case we are not disposed to disturb the conclusion reached by the Chancellor.

*Decree affirmed.*